## CHARLESTON.

GRANT P. HALL, *State Tax Commissioner, who sues on behalf of the State of West Virginia v.* NANCY MARTIN, RAY LOOMAN, VIRGINIA LOOMAN WIRE, *an infant, and* DELPHIA TALKINGTON, *Administratrix of Andrew J. Ice, Deceased*

### (No. 5808)

Submitted October 25, 1927.    Decided November 1, 1927.

STATUTORY PROVISIONS—

> As prerequisite to a valid assessment of the tax upon a transfer of property by will under chapter 33, Code, the tax commissioner shall prepare and forward to the beneficiaries, a certificate of the assessment stating, (a) The amount of such property liable to such tax; (b) the rate of tax thereon; (c) the names of the beneficiaries thereof; (d) their degree of relationship to the decedent, and (e) the amount of tax.

(Taxation, 37 Cyc. p. 1578 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Marion County.

Suit by Grant P. Hall, State Tax Commissioner, on behalf of the State, against Nancy Martin and others, to collect a transfer tax on devised land. From a decree for plaintiff, defendants appeal.

*Reversed and remanded.*

*Shaw & Shaw,* for appellants.
*John T. Simms,* for appellee.

LITZ, JUDGE:

This is a suit to enforce the lien of the tax upon a transfer of real estate by will.

According to the allegations of the bill, Andrew J. Ice, a citizen and resident of Marion County, died, testate, August 26th, 1923; by his last will and testament he devised to the defendant, Nancy Martin, in consideration of her services rendered and to be rendered while living in his family, certain real estate, in Marion County, for life or while she remained unmarried, and upon her death or marriage, to her two children, the defendants, Ray Looman and Virginia Looman Wire; none of the three beneficiaries being of blood relation to the testator and the real estate transferred having been appraised at $5,000.00, the plaintiff assessed a tax of $500.00 upon the transfer, and preparing duplicate certificates of the assessment, sent the original to the clerk of the county court of Marion County for recordation, and the duplicate copy to the defendant Delphia Talkington, administratrix of the estate of said Andrew J. Ice, deceased.

The bill alleges also that the plaintiff "notified the defendants Nancy Martin, Ray Looman and Virginia Looman Wire, an infant, and each of them, of said assessment, and made demand of each and all of the defendants for the payment thereof; but notwithstanding said assessment notices and demands, as aforesaid, the said defendants have, and each of them has, failed and refused to pay said tax, or any part thereof, although more than thirty days have elapsed since the assessment, notices and demands"; and said assessment is a lien upon the real estate so transferred.

Evidence was taken on behalf of the plaintiff to show the value of the real estate and notice of the assessment to defendants. Numerous witnesses testified as to the value of the property, but the only evidence of notice to any of the defendants is the testimony of counsel for the plaintiff that he received copies of two letters from plaintiff to the defendant, Nancy Martin, demanding payment of the tax, and that he had learned also in a conversation with an attorney formerly representing her that she had received notice of the demand

for payment of the tax. None of the defendants except the infant, Virginia Looman Wire, who was represented by guardian *ad litem,* filed an answer or demurrer.

The decree of the circuit court, from which defendants, Nancy Martin, Ray Looman and Virginia Looman Wire, appeal, adjudged that the alleged assessment constituted a valid lien upon the real estate devised and directed the sale thereof to pay the tax.

The principal ground for reversal is failure of the plaintiff to serve appellants with copies of a proper certificate of assessment. Section 14, Chapter 33, Code, requires the assessment of the tax by the tax commissioner to be evidenced by his certificate showing, first, the amount of the property liable to the tax; second, the rate of tax thereon; third, the names of the beneficiaries thereof; fourth, their degree of relationship to the decedent; and fifth, the amount of the tax. This section also requires the tax commissioner to forward copies of the certificate, so prepared, to the beneficiaries of the property assessed.

The certificate of the tax commissioner recorded in the office of the clerk of the county court and alleged to have been served upon the administratrix of the estate follows:

### "STATEMENT OF TAX

STATE OF WEST VIRGINIA,
Office of State Tax Commissioner, To-wit:

    *Estate of Andrew J. Ice, Sr.,* late of Marion County,

        Delphia Talkington, Executrix.

TO      STATE OF WEST VIRGINIA    DR.

To 10% of $5000, the value of the property belonging to said estate transferred to strangers ................................................. $500.00

                                 Total  $500.00

    I, Grant P. Hall, State Tax Commissioner, pursuant to authority vested in me by law, do hereby certify that the foregoing is the correct amount of inheritance tax, or transfer tax, collectible from said estate by the state of West Virginia.

Given under my hand this 5th day of November, 1923.

GRANT P. HALL,
*State Tax Commissioner.*"

It will be observed that the form of certificate used does not comply with the requirements of the statute; and that although the bill charging notice of the assessment to the defendants is not denied by any of them except the infant, the manner of notice to any of the defendants, except the administratrix, is neither alleged or proven. Assuming that service of the defective certificate of assessment upon the administratrix was sufficient notice to her, there is no claim that any of the other defendants were served with copies of the assessment; and there is only hearsay evidence that payment was demanded of defendant Nancy Martin. The execution and service of the certificate of assessment by the tax commissioner as provided in the statute is prerequisite to a valid assessment. Where the legislature has prescribed a method or system of taxation, which includes the requirement of assessment, all of the steps in procedure of the assessment required by the statute must be taken before the tax can be considered as having been imposed and as having become due and payable. *Elliott's Knob Iron, etc. Co.* v. *State Corporation Commission*, 123 Va. 63, 96 S. E. 353; Gleason & Otis, Inheritance Tax (4th ed.) 692.

We reverse the decree and remand the cause.

*Reversed and remanded.*